113 N.J. Super. 533 (1971)
274 A.2d 589
CHARLES B. YATES, CRAIG YATES, ALBERT CARNIVALE, HARRY M. DANLEY AND THOMAS J. LeJAMBRE, PLAINTIFFS-APPELLANTS,
v.
EDWARD A. KELLY, JR., COUNTY CLERK OF BURLINGTON COUNTY, NANCY MAY, DOROTHY P. MAIN, EDWARD G. SNOW AND GLENN C. BAKER, MEMBERS OF THE BOARD OF ELECTIONS OF BURLINGTON COUNTY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Decided February 25, 1971.
*534 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. George H. Barbour, attorney for appellants.
Mr. George F. Kugler, Jr., Attorney General, attorney for respondent Burlington County Board of Elections (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Dennis J. Quinn, Mr. David S. Litwin and Mr. Gordon Golum, Deputy Attorneys General, on the brief).
Mr. D. Neil Manuel, attorney for respondent County Clerk Edward A. Kelly, Jr.
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
The issue to be determined on this appeal is whether Assembly District 4B created by the Apportionment Commission in 1967, or Assembly District 4B as reconstituted by the Apportionment Commission in 1969, should be used in the forthcoming election to fill the vacancy created by the resignation of Burlington County *535 Senator Edwin B. Forsythe, who was elected to Congress at the November 1970 general election.
Jackman v. Bodine, 43 N.J. 453 (1964), declared invalid the Legislative Article of the New Jersey Constitution (1947) insofar as it dealt with the apportionment of members of the Legislature under Art. IV, § II, par. 1 (Senate) and § III, par 1 (General Assembly), and this on equal protection grounds. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).
In order to comply with the requirements of the one man-one vote principle as delineated by the United States Supreme Court, the voters of New Jersey, at the general election held November 6, 1966, adopted amendments to Art. IV, §§ II and III, and Art. XI, § V of our Constitution, as proposed by the Constitutional Convention of 1966. Those amendments, as well as the work product of the Apportionment Commission created by Art. IV, § III for the purpose of establishing Senate Districts and Assembly Districts and for apportioning Senators and Assemblymen, came under attack in Jackman v. Bodine, 49 N.J. 406 (1967), and were rejected in part. Senate Districts were ordered reallocated where that would substantially reduce deviation with respect to particular districts and reduce state-wide deviation. The problem which faced the court was whether it should remand the matter to the Apportionment Commission for reconsideration in light of the views expressed in the opinion. Because the November 1967 election was imminent and since a reconsideration could entail Assembly districting throughout the State, the court deemed it unwise to direct the Commission to undertake and complete that task before the election. It was imperative that government continue, and for that reason, said the court, deviations which might otherwise be fatal would be tolerated for the time being. The work of the Apportionment Commission would be accepted for the purposes of the 1967 November election, leaving ample time for a full exploration of the challenged deviations and the reasons *536 therefor in preparation for the November 1969 election. To that end the Commission was to continue in office and make a reasonable recertification of Assembly Districts for that election. (At 419-420)
Among the Senate Districts created by the Apportionment Commission in 1967 was the Fourth, composed of Burlington and Ocean Counties and from which two Senators were to be elected. The Fourth Senate District was divided into two Assembly Districts. Assembly District 4A included Ocean County and the following municipalities located in Burlington County: Pemberton, Wrightstown, and the townships of Bass River, Eastampton, New Hanover, North Hanover, Pemberton, Shamong, Tabernacle, Washington and Woodland. Assembly District 4B included that portion of Burlington County not included in District 4A. A Senator was to be elected from each Assembly District.
On November 7, 1967 the voters in Assembly District 4B elected Edwin B. Forsythe to a four-year Senate term commencing January 9, 1968. He was sworn into office and continued to serve as State Senator until elected Congressman on November 3, 1970, whereupon he resigned.
In accordance with the decision in Jackman v. Bodine, above, 49 N.J. 406, and Art. XI, § V of our Constitution, the Apportionment Commission met and, after study and discussion, eventually on April 7, 1969 certified the establishment of Assembly Districts throughout the State. Assembly Districts 4A and 4B, constituting the Fourth Senate District, were reapportioned so that each had a population of 166,370. To accomplish this result the two districts were recast. The following municipalities, part of Assembly District 4B as set up in the 1967 apportionment, were now placed in 4A: Bordentown City, Bordentown Township, Burlington City, Burlington Township, Chesterfield Township, Edgewater Park Township, Borough of Fieldsboro, Florence Township, Mansfield Township and Westampton Township. On the other hand, the following *537 municipalities, formerly part of 4A, were placed in 4B: Pemberton and the Townships of Bass River, New Hanover, Pemberton, Shamong, Tabernacle and Washington.
The 1969 recertification of Assembly Districts by the Apportionment Commission came under attack in Jackman v. Bodine, 55 N.J. 371 (1970), because of deviations from mathematical equality between districts. The court held that a 1.5-1 ratio between the most and least populous districts was not inherently intolerable and, subject to certain qualifications and observations in the opinion, adjudged the apportionment plan valid with respect to the several challenges that had been addressed thereto.
By resolution dated December 30, 1970 the Burlington County Board of Chosen Freeholders petitioned the New Jersey Senate to issue a writ for a special election to elect a Senator for the unexpired term of Senator Forsythe. The Senate acted on January 12, 1971 by adopting a resolution providing for a special primary election in Senate District 4B on February 16, 1971 and a special general election on March 2, 1971. A writ of election and proclamation issued over the signature of the Senate President and was filed with the Secretary of State on January 15, 1971. The Secretary of State then forwarded certified true copies to the Burlington County Board of Elections and the Burlington County Clerk. The county election board proceeded to publish the writ of election and proclamation in two Burlington County newspapers on January 21 and 28, 1971. All this was done in accordance with the provisions of N.J.S.A. 19:27-4 to 9. On the same dates and in the same newspapers the Burlington County Clerk published a notice to persons desiring absentee ballots and another notice addressed to the attention of military service voters and their relatives and friends. Both gave notice of the special primary election on February 16, 1971 and the special general election to be held on March 2, 1971 in Assembly District 4B. In both cases the county clerk identified the municipalities that would participate in the election as those located *538 in Assembly District 4B as constituted by the Apportionment Commission in 1969. The members of the Burlington County Board of Elections divided 2-2 as to whether the special elections to fill the vacant Senate seat should be held in Assembly District 4B of 1967 from which Senator Forsythe was elected, or in Assembly District 4B as established by the Apportionment Commission of 1969. The county clerk, after consulting with the Secretary of State's office and others as to the proper procedure to be followed, published the notices just mentioned, employing the most recent description of Senate District 4B as proper for use in the special elections.
This action was initiated by a complaint filed February 5, 1971 and an order to show cause signed ex parte and returnable February 10, 1971 before Assignment Judge Martino. The plaintiffs are respectively residents of Bordentown City, Burlington City, Edgewater Park Township, Florence Township and Willingboro. Plaintiff Charles B. Yates, of Willingboro, filed nominating petitions for the Democratic nomination. Walter L. Smith, Jr., of Riverton and presently an Assemblyman from Assembly District 4B, filed nominating petitions for the Republican nomination. No other persons filed.
The substance of the complaint is that the notices published by the Burlington County Clerk mistakenly identified the municipalities whose voters would participate in the special primary and general elections by including those located in Assembly District 4B as established by the Apportionment Commission in 1969, rather than in 4B as established by the Commission in 1967. The matter complained of was that because of the transfer of certain municipalities from 4B as constituted in 1967 to Assembly District 4A, some 59,540 people resident in those municipalities would be deprived of their franchise insofar as electing a successor to fill the unexpired term of the Senator whom they had helped elect in November 1967. On the other hand, voters in municipalities formerly in 4A and *539 now in 4B under the 1969 apportionment, and who had voted in the November 1967 election which resulted in the election of Senator William T. Hiering in 4A, would be permitted to vote in the special elections called for Assembly District 4B, as established in 1969.
(It should immediately be observed that following the filing of the complaint, the Legislature passed a bill, signed by the Governor, eliminating the necessity of conducting the special primary election scheduled for February 16, 1971. L. 1971, c. 30.)
The complaint demanded judgment requiring defendants to insure that voters in the municipalities transferred from former Assembly District 4B to 4A be permitted to participate in the special general election on March 2; enjoining them from conducting the election in other than the municipalities formerly constituting 4B, and requiring the board of elections to distribute election machines to only those municipalities.
On the return date of the order to show cause the Attorney General, as attorney for defendant board of elections, took the position that due to the inability of the board to reach a decision in this matter, the board was not truly an adversary party. After considering the affidavits and briefs, and hearing argument, Judge Martino entered final judgment on February 18, 1971 in defendants' favor. Plaintiffs filed their notice of appeal immediately and the matter was listed for hearing on an accelerated basis on February 22 in light of the special general election scheduled for March 2. The court called for supplemental briefs to be filed on or before the close of business on February 24.
Assembly District 4B, as constituted by the Apportionment Commission in 1967, had no viability whatever after the coming down of the opinion in Jackman v. Bodine, 49 N.J. 406, on July 3, 1967 except for the November 1967 election. As noted, the court directed that the Apportionment Commission continue in office and, after full exploration of the challenged deviations and the reason therefor, *540 "make a seasonable recertification of Assembly Districts for the 1969 election." This was done, with the result that a number of Assembly Districts, including 4A and 4B, were recast in order to achieve as nearly as possible apportionment according to the one man-one vote principle. In the case of 4A and 4B, the Commission arrived at a perfect equalization: there is no deviation in the population count of the two districts.
The present situation is a unique one. An examination of the record of the Apportionment Commission of 1969 shows that the possibility of an election to fill a vacancy occurring after April 7, 1969 and before the November 1971 general election for the State Senate was not envisaged or discussed. This has led plaintiffs to argue that voters in only those municipalities constituting Assembly District 4B, as established by the 1967 Commission, should be permitted to vote in the March 2, 1971 election for the unexpired term of former Senator Forsythe.
To accept the proposition here advanced by plaintiffs would be to permit the revitalization of Assembly Districts declared invalid in the 1967 Jackman v. Bodine decision. The creation or re-creation of Senate and Assembly Districts is a legislative function; it is not for the courts to undertake.
There was no complaint that Senator Forsythe, following the April 7, 1969 apportionment and until he resigned on election to Congress in 1970, represented other than the electorate in Assembly District 4B, as constituted by the 1969 Apportionment Commission, or that Senator Hiering represented other than the electorate in Assembly District 4A as established by that Commission. Those in present 4B will be represented by the State Senator to be elected on March 2, 1971, and those in 4A will continue to be represented by Senator Hiering. In the particular circumstances of the present case, it cannot be said that the over-arching democratic concern has not been satisfied.
*541 The Apportionment Commission is required to establish Senate and Assembly Districts and to apportion State Senators and Assemblymen among them after the 1970 decennial census of the United States and every subsequent one, by reason of Art. IV, § III, par. 1. The Commission, by a majority of all its members, must do so within one month of the receipt by the Governor of the official decennial census for New Jersey, or on or before February 1 of the year following the year in which the census is taken, whichever date is later. Id. The official decennial census for New Jersey was received by the Governor on February 23, 1971. He filed it with the Secretary of State's office on February 25, 1971, thereby officially promulgating that census. See N.J.S.A. 52:4-1. The census will be effective May 1, 1971. L. 1971, c. 14, N.J.S.A. 52:4-3.
The State Senator elected on March 2, 1971 will fill the remainder of former Senator Forsythe's term, which expires in January 1972. The voters of Assembly District 4B, as established by the Apportionment Commission in 1969 pursuant to Art. XI, § V, par. 2 of our Constitution, will in November 1971 choose a new State Senator, who will represent them for a two-year period inasmuch as Art. IV, § II, par. 2 provides that a Senator "elected for a term beginning in January of the second year following the year in which a decennial census of the United States is taken, shall be elected for a term of two years."
The judgment is affirmed.